**Tiny J. WILLIS, Plaintiff–Appellant,**

v.

**REYNOLDS METALS COMPANY,
Defendant–Appellee.**

No. 87–3597.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 4, 1987.

Decided Feb. 29, 1988.

Neil Kuchinsky, Colonial Heights, Va., for plaintiff-appellant.

Eva Susan Tashjian–Brown (Maris Mahala Wicker, McGuire, Woods, Battle & Boothe, Richard Van M. Krotseng, Reynolds Metals Co., Richmond, Va., on brief), for defendant-appellee.

Before WINTER, Chief Judge, and RUSSELL and MURNAGHAN, Circuit Judges.

MURNAGHAN, Circuit Judge:

The plaintiff brought a Virginia state court action claiming that her employer invaded her right to privacy, slandered her, and intentionally inflicted emotional distress. Reynolds Metals Co., the employer, removed the case to the United States District Court for the Eastern District of Virginia, asserting that the plaintiff's attempts to recover for state tort causes of action were preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. A motion to remand was denied, and Reynolds thereupon filed a motion for summary judgment on the grounds that the applicable six month statute of limitations pursuant to § 301 barred the plaintiff's claim. *See DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 169, 103 S.Ct. 2281, 2293, 76 L.Ed. 2d 476 (1983). The district court granted the motion for summary judgment.

Upon review of the case, it became clear that the employer's acts had merely been in exercise of its rights to control conditions in the working place. Another employee had complained that co-workers were harassing her by damaging her car in the company lot and sending anonymous cards to her home. An expert who was consulted by the employer concluded that the plaintiff's handwriting was remarkably similar to that of some of the harassing cards. There were two meetings between the defendant's personnel manager and the plaintiff. At the first meeting, the personnel manager of Reynolds accused the plaintiff of having been responsible for the harassment and confronted her with the results of the handwriting analysis. In the second

meeting, the plaintiff's union representative was also present.

The plaintiff was shortly thereafter hospitalized for nerves due to conditions at work. She never filed a grievance through the applicable provisions of the collective bargaining agreement, but filed instead her suit. The collective bargaining agreement had a termination or lay-off clause.[1] The collective bargaining agreement also required that all complaints be adjusted through grievance and arbitration. Through collective bargaining, the union had been appointed as the exclusive representative of all the employees with respect to rates of pay, wages, hours of employment, and other conditions of employment.

While the well-pleaded complaint rule in general forecloses looking beyond the allegations of the complaint for a federal question to confer jurisdiction, there is an exception for situations where the complaint asserted can be resolved only by referring to the terms of the collective bargaining agreement. *Tellez v. Pacific Gas and Electric Co.*, 817 F.2d 536, 537 (9th Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 251, 98 L.Ed.2d 209 (1987). *See International Brotherhood of Electrical Workers v. Hechler*, — U.S. —, 107 S.Ct. 2161, 2163, 95 L.Ed.2d 791 (1987). "Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabelling their contract claims as claims for tortious breach of contract." *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 211, 105 S.Ct. 1904, 1911, 85 L.Ed.2d 206 (1985).

While every assertion of a state court claim does not lead to preemption of jurisdiction, in the instant case the state tort claims being asserted purport to give meaning to the terms of the labor contract. Cases such as *Linn v. Plant Guard Workers*, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d

582 (1966), are not persuasive. Those cases dealt with preemption pursuant to §§ 7 and 8 of the National Labor Relations Act, as articulated in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245–46, 79 S.Ct. 773, 779–80, 3 L.Ed.2d 775 (1959). Here, however, the question is whether the intentional infliction of emotional distress is preempted under § 301 of the LMRA. There is, therefore, no opportunity allowed to balance federal and state interests.

In contrast to the situation in *Linn,* presenting a merely peripheral concern of federal law,[2] the alleged wrong by Reynolds in the instant case directly dealt with its right pursuant to a collective bargaining agreement to conduct investigations into possible harassment of one employee by a co-worker and the associated right to confront the suspected employee.

The judgment of the district court is AFFIRMED.

---

1. It read as follows:

  The Company has the right to discharge or lay off any employee for sufficient and reasonable cause, including, without being limited to, insubordination, inefficiency, or failure to comply with reasonable posted general plant rules. Such employee, and a representative of the Union, shall upon request, be advised promptly in writing by the Company of the reason or reasons for such discharge or layoff.

2. *Farmer v. United Brotherhood of Carpenters & Joiners, Local 25,* 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977).