**Ricky ADAMS, Plaintiff,**

v.

**SHULTON, INC., U.S.A. DIVISION, River City Security and McLynnard Bond, Defendants.**

**Alonzo BOLDEN, Plaintiff,**

v.

**SHULTON, INC., U.S.A. DIVISION, River City Security and McLynnard Bond, Defendants.**

**Clinton COLBERT, Plaintiff,**

v.

**SHULTON, INC., U.S.A. DIVISION, River City Security and McLynnard Bond, Defendants.**

**Nos. 89–3107–4B, 90–2084–4B and 90–2085–4B.**

United States District Court, W.D. Tennessee, W.D.

Aug. 22, 1990.

Kathryn M. Swisher, Memphis, Tenn., for plaintiffs.

W. Kerby Bowling, III, Memphis, Tenn., for defendants.

## RULING ON PENDING MOTIONS

McRAE, Senior District Judge.

The three plaintiffs, Ricky Adams, Alonzo Bolden, and Clinton Colbert, commenced these actions against their former employer, Shulton, Inc., U.S.A. Division ("Shulton"), as well as River City Security ("River City") and McLynnard Bond ("Bond"). Each one alleged that he was defamed by these defendants during the course of an investigation by Shulton concerning the loss of certain merchandise. These actions were originally filed in the Circuit Court of Shelby County, Tennessee. Shulton re-

moved the cases to this Court pursuant to 28 U.S.C. § 1441. Presently before the Court are Shulton's Motions for Summary Judgment and plaintiffs' Motions to Remand.

## FACTS

These actions arise from personnel actions taken by Shulton. Plaintiffs were employees of Shulton until November 1988. Plaintiff Adams had become an employee in July 1980, and was a lead warehouser at the time of his termination. Plaintiff Bolden became an employee in April 1987, and was a warehouseman when terminated. Plaintiff Colbert became an employee in July 1977, and was a material handler when terminated. After an investigation into the alleged theft of over $400,000 of merchandise, Shulton notified each plaintiff that he was permanently suspended from work. These actions were taken because defendant Bond allegedly implicated the plaintiffs as having been involved in the theft of the merchandise. After unsuccessfully attacking his suspension through the grievance procedure in the collective bargaining agreement between Shulton and plaintiffs' union, plaintiffs commenced these actions alleging that each was falsely accused of the theft by these defendants. Plaintiffs' complaints seek damages for injury to their respective good names and reputations. Shulton's removal petitions allege that plaintiffs' claims are governed by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (1978). Shulton has filed motions for summary judgment wherein it asserts that plaintiffs' claims are preempted by Section 301 and should therefore be dismissed. Because this Court concludes that resolution of Shulton's motions for summary judgment and plaintiffs' motions to remand will produce the same result, they will be addressed together.

## DISCUSSION

Section 301 of the LMRA authorizes a party to bring suit "for the violation of a contract between an employer and a labor organization representing employees ...", in any district court of the United States

having jurisdiction over the parties." 29 U.S.C. § 185 (1978). Although the language of Section 301 is permissive, the Supreme Court has construed Section 301 as the exclusive remedy for claims arising out of a breach of a collective-bargaining agreement. *See Allis Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). The Court has recently stated that "Section 301 preempts any state law claim if the resolution of the claim depends upon the meaning of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 1881, 100 L.Ed.2d 410 (1988). The reason for this construction of Section 301 is to require that all claims raising issues of labor contract interpretation be decided according to the precepts of federal law and to prevent inconsistent interpretations of the substantive provisions of a collective-bargaining agreement. *Smolarek v. Chrysler Corp.,* 879 F.2d 1326, 1329 (6th Cir.1989).

Shulton's motion argues that plaintiffs' claims cannot be resolved without interpreting the collective bargaining agreement. Specifically, Shulton argues that the question of whether plaintiffs were defamed requires the same analysis as whether they were terminated for just cause. Also, Shulton argues that the statements allegedly made were spoken during an investigation pursuant to the collective bargaining agreement. On the other hand, plaintiffs argue that their claims are entirely separate from any "wrongful discharge" claim under the agreement. Plaintiffs assert that they do not contest whether they were filed for just cause; rather they claim that the defendants committed the tort of defamation by falsely accusing them of stealing merchandise.

Although this court is aware that other courts have held that a state law defamation claim is preempted by Section 301, *see Willis v. Reynolds Metals Co.,* 840 F.2d 254 (4th Cir.1988); *Scott v. Machinists Automotive Trades District Lodge No. 190,* 827 F.2d 589 (9th Cir.1987); and *Johnson v. Anheuser Busch,* 876 F.2d 620 (8th Cir. 1989), it respectfully disagrees because the Supreme Court has recently clarified the scope of preemption under Section 301. In *Lingle v. Norge Div. of Magic Chef, Inc., supra,* the Court restated the rule that a "state law claim is preempted by § 301 *only* if [the] application [of state law] requires the interpretation of a collective bargaining agreement." 108 S.Ct. at 1885 (emphasis added). Moreover, the Court held that as long as the claim is "independent" of the agreement it will not be preempted. *Id.* at 1883. Also, the Court noted that there is no preemption even though resolution of the state law claim would require addressing precisely the same facts, "as long as the state law claim could be resolved without interpreting the agreement itself." *Id.*

This Court finds that *Lingle* is dispositive of the present motions. Although the same set of facts that must be analyzed to determine whether plaintiffs were defamed or fired for just cause, the defamation claim can be resolved without *interpreting* the collective bargaining agreement. Plaintiffs' defamation claims are independent of any claim under the agreement and are not preempted by Section 301. Therefore Shulton's motions for summary judgment are denied. Because these cases do not present a federal question under Section 301, they were improperly removed to this Court. Therefore, these causes are hereby remanded to the Circuit Court of Shelby County, Tennessee.

IT IS SO ORDERED.