**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JERRY R. PAPA,
Plaintiff-Appellant,

v.                                                                    No. 97-1451

TRULAND SYSTEMS CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-97-94-A)

Submitted: July 31, 1998

Decided: August 25, 1998

Before HAMILTON and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan J. Cilman, Fairfax, Virginia, for Appellant. Christopher G.
Mackaronis, Laura C. Fentonmiller, BELL, BOYD & LLOYD,
Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jerry R. Papa claims that his employer, Truland Systems Corporation (Truland), discharged him in retaliation for complaining about the terms of his contract. Specifically, Papa claims that in terminating him Truland committed the state law torts of wrongful termination, defamation, intentional infliction of emotional distress, and negligence. The district court found that Papa's claims are preempted by the National Labor Relations Act (NLRA), 29 U.S.C.§§ 151-169 (1994), and the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 (1994). We affirm the district court's order granting Truland's motion to dismiss the complaint.

Papa worked for Truland as a journeyman electrician pursuant to a contract between Truland and the International Brotherhood of Electrical Workmen Local 26 (IBEW). According to the terms of his contract, Truland agreed to pay Papa for work done eight hours a day, five days a week, and agreed to pay overtime for any additional work. As a result of a concession between IBEW and Truland, Truland agreed to pay Papa for work done ten hours a day, four days a week, Monday through Thursday, and agreed to pay overtime for work done on Saturdays and holidays. During Memorial Day week, Truland advised Papa and his coworkers that instead of working Monday through Thursday, they would be required to work Tuesday through Friday, with no overtime pay. Papa told the Union of Truland's position, and the Union took the position that, pursuant to the concession, Truland had to pay overtime for Friday's work. The following day, Truland discharged Papa for "low production." Papa claims that this was a false accusation.

Papa filed a complaint in state court alleging that his termination constituted an unfair labor practice in violation of the NLRA, 29 U.S.C. §§ 157, 158(a). In addition, Papa averred four state law tort claims: wrongful termination, defamation, intentional infliction of emotional distress, and negligence. Truland removed the case to federal district court based on federal question jurisdiction pursuant to 28 U.S.C. § 1441(b) (1994). Truland then moved to dismiss the complaint for failure to state a claim upon which relief could be granted

2

pursuant to Fed. R. Civ. P. 12(b)(6). After a hearing, the district court dismissed the unfair labor practice claim because Papa failed to exhaust the administrative remedies under the collective bargaining agreement, as required by § 301 of the LMRA, 29 U.S.C. § 185. Additionally, the district court dismissed the state law claims because it found that the claims were preempted by § 301 of the LMRA and §§ 7 & 8 of the NLRA, 29 U.S.C. §§ 157, 158. Accordingly, the court dismissed the entire complaint. Papa appeals only the district court's dismissal of his state law claims.

Appellate courts review de novo dismissals for failure to state a claim. See Martin Marietta Corp. v. International Telecomm. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992). The NLRA preempts claims based on actions that are "arguably subject" to § 7 or § 8. See San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 245 (1959). There are two exceptions to the preemption principle set forth in Garmon, 359 U.S. at 243-44. First, preemption is inapplicable when "the conduct at issue is only a peripheral concern of [the NLRA]." Local 926, Int'l Union of Operating Eng'rs v. Jones , 460 U.S. 669, 676 (1983) (citing Garmon, 359 U.S. at 243-44). Second, state law is not preempted to the extent that the conduct at issue "touches on interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, it could not be inferred that Congress intended to deprive the State of the power to act." Jones, 460 U.S. at 676 (citing Garmon, 359 U.S. at 243-44). To determine whether these exceptions apply, the reviewing court must balance the state's interest in remedying the effects of the challenged conduct against both the interference with the Board's ability to adjudicate the controversy and the risk that the state will approve the conduct that the NLRA protects. See Belknap, Inc. v. Hale, 463 U.S. 491, 498-99 (1983).

We agree with the district court that Papa's wrongful termination, defamation, and intentional infliction of emotional distress claims are preempted by the NLRA. Papa claims that the real reason for his termination was the fact that he raised the pay issue both with Truland and with IBEW. (Appellant's Br. at 5). Thus, he is claiming that he was dismissed "for engaging in labor activities." (Id. at 6). We find that such conduct is not a peripheral concern of the NLRA and does not touch on an interest sufficiently rooted in local feeling to fall

within one of the Garmon exceptions. See Richardson v. Kruchko & Fries, 966 F.2d 153, 157-58 (4th Cir. 1992); Shane v. Greyhound Lines, Inc., 868 F.2d 1057, 1061 (9th Cir. 1989). His remaining state law tort claims are based on the same conduct as his wrongful discharge claim and are simply "artfully pleaded unfair labor practice charges." Richardson, 966 F.2d at 158. We affirm the district court's dismissal of these claims.

Papa's final claim is for negligence. On appeal, Papa only speaks to the question of whether this claim was sufficiently pled. Because no argument is made challenging the district court's finding that this claim was preempted, we affirm that finding.

With regard to preemption under § 301 of the LMRA, Papa only asks this court to clarify the ruling in Willis v. Reynolds Metals Co., 840 F.2d 254 (4th Cir. 1988). In Willis, this Court specifically distinguished Linn v. United Plant Guard Workers, 383 U.S. 53 (1966), and Farmer v. United Brotherhood of Carpenters and Joiners, Local 25, 430 U.S. 290 (1977), the two cases Papa relies upon in asking for clarification of Willis. We therefore deny his request.

Accordingly, we affirm the district court's order dismissing the complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4